

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00143-CR
No. 07-18-00144-CR

FERNANDO AGAPITO AVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 73,789-E & 75,482-E, Honorable Abe Lopez, Presiding

February 27, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Fernando Agapito Avila appeals his convictions for driving while intoxicated and evading arrest or detention using a vehicle. We previously remanded these causes to the trial court on August 31, 2018, for appointment of appellate counsel. After we reinstated the appeals, appellant's brief was due December 31, 2018. We subsequently granted appellant's counsel two extensions to file a brief. By letter on February 4, 2019, we granted appellant's counsel an extension to February 20 and admonished counsel that failure to file the brief by this deadline would result in the appeals being abated and the causes remanded to the trial court for further proceedings. *See*

TEX. R. APP. P. 38.8(b)(2), (3). On February 20, 2019, appellant's counsel filed a third motion for extension stating, for the first time, that the clerk's record and reporter's record were incomplete. Counsel informed the court that he had recently requested a supplemental clerk's record and a supplemental reporter's record and filed a motion for access to the sealed clerk's record in the trial court.

We deny appellant's motion for extension of time to file a brief, abate the appeals, and remand the causes to the trial court for further proceedings. On remand, the trial court shall determine the following:

1. whether a complete clerk's record has been filed with the Seventh Court of Appeals by the district clerk;

2. whether a complete reporter's record has been developed and filed with the Seventh Court of Appeals by the court reporter; and

3. if not, when a supplemental clerk's record and supplemental reporter's record will be filed with this court.

The trial court shall also rule on appellant's "Motion for Access to the Sealed Clerk's Record(s) on Appeal." The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by March 22, 2019. Should further time be needed to perform these tasks, then same must be requested before March 22, 2019. Appellant is ordered to file his brief within 14 days of the date a complete clerk's record and reporter's record is filed with this court. No further extensions of the briefing deadline will be granted.

It is so ordered.

Per Curiam

Do not publish.